**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

CENTRAL WEST VIRGINIA ENERGY
COMPANY, INC., et al.,

          Plaintiffs,

v.                                    CIVIL ACTION NO. 5:09-cv-00467

MOUNTAIN STATE CARBON, LLC, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Motion to Dismiss [Docket 29] filed by Defendants Mountain State Carbon, LLC and Severstal Wheeling, Inc. on July 20, 2009, alleging a lack of subject matter jurisdiction. Plaintiffs filed their response on August 6, 2009 [Docket 39-1], and Defendants replied on August 20, 2009 [Docket 42]. The matter being fully briefed, it is now ripe for consideration.

*I. FACTUAL BACKGROUND*

Plaintiffs filed the original complaint in April 2009, seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 of "of the rights and obligations of the parties under the terms of a long term contract involving the sale of coal." (Docket 1 ¶ 11.) In their complaint, Plaintiffs contend that Severstal Wheeling is a Delaware corporation with a principal place of business in Dearborn, Michigan. (*Id.*) Defendants Severstal Wheeling and Mountain State Carbon (collectively, Defendants) filed the present motion in July 2009, arguing that the Court lacked subject matter jurisdiction over the dispute because Severstal Wheeling's principal place of business was located

in Wheeling, West Virginia. Thus, Defendants argued, they were citizens of West Virginia for diversity purposes, and as complete diversity no longer existed, this Court did not have jurisdiction over the suit.

Severstal Wheeling was created in 2008, when Severstal U.S. Holdings acquired the Wheeling-Pittsburgh Steel Corporation (Wheeling-Pitt). Severstal Wheeling is currently an "indirect subsidiary of Severstal U.S. Holdings, LLC." (Docket 30.) Up until the time of the Severstal acquisition, it is uncontested that Wheeling-Pitt's principal place of business was Wheeling, West Virginia. In September 2005, Severstal Wheeling (then Wheeling-Pitt) formed a joint venture with SNA Carbon LLC called Mountain State Carbon LLC (Mountain State). (Docket 30.) Mountain State owns a coke plant located in Follansbee, West Virginia.

## II. LEGAL STANDARDS

Congress has granted the federal courts original jurisdiction over all actions where the parties are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).

The principal purpose of diversity jurisdiction is "to guarantee a non-citizen party a fair trial by limiting the potential effect of local prejudice against outsiders." *Columbia Gas Transmission Corp. v. Burdette Realty Imp., Inc.*, 102 F. Supp. 2d 673, 676 (S.D. W. Va. 2000).

When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of proof. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). A defendant may challenge a plaintiff's claim to subject matter jurisdiction in two ways. He may either make a facial challenge to subject matter jurisdiction, arguing that the facts alleged in the complaint are insufficient to confer jurisdiction on the district court, or he may challenge the

veracity of the facts alleged in the complaint. *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

"In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg, & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 675 F.2d at 1219).

### III.  ANALYSIS

*A.  Determining the Appropriate Test*

A corporation is deemed to be a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  A limited liability corporation is a citizen of any state where one of its members is a citizen. *Gen. Tech. Applications, Inc. v. Exro, Ltda.*, 388 F.3d 114, 120 (4th Cir. 2004).

In *Hertz Corp. v. Friend*, No. 08-1107, 559 U.S. _____ (Feb. 23, 2010), the Supreme Court established the test for determining a corporation's principal place of business. "[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." Slip op. at 1. Recognizing that diversity jurisdiction's "basic rationale [was] opening the federal courts' doors to those who might otherwise suffer from local prejudice against out-of-state parties," the Court found that a single test would provide "administrative simplicity." Slip op. at 6, 15.

Although it acknowledges that this test is most commonly referred to as the "nerve center" by circuit courts, the Supreme Court provides guidance in how to apply the test. "[I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the

headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings." Slip op. at 14. Further, it indicates that, "if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the 'principal place of business' is New York." Slip op. at 17. Finally, the Court clarifies that parties will not be permitted to manipulate jurisdiction by identifying a nerve center at a place where only a mailbox or bare office exists. Slip op. at 18-19.

### B. Determining the Principal Place of Business

After review of these factors, it is the Court's conclusion that Severstal Wheeling's principal place of business is Wheeling, West Virginia. As an initial matter, West Virginia, and not Michigan, is Severstal Wheeling's actual center of direction, control, and coordination. Defendants aver, and Plaintiffs do not adequately dispute, that Severstal Wheeling's "purchasing, sales, transportation, engineering, human resources, and accounting/financial functions" are all handled in Wheeling. (Docket 30 at 2.) This conclusion is unsurprising, because Severstal Wheeling's predecessor, Wheeling-Pitt, had its principal place of business in Wheeling. As Plaintiffs acknowledge, Severstal Wheeling is a wholly owned subsidiary of Severstal U.S. (Docket 1 ¶ 6.) To this day, Severstal Wheeling maintains most of the same corporate presence in Wheeling, even though the Severstal U.S. corporate officers are based in Michigan.

At its headquarters in Wheeling, Severstal Wheeling employees are engaged in nearly all facets of the company's operations. While some overarching policymaking functions may well take place in Michigan, the "nerve center" test does not turn on this location. In this case, almost all functions of managing the company's operations occur in Wheeling. There, the company purchases

materials, arranges for transportation of materials and finished products, handles personnel and human resources issues, manages the company's financials, and maintains nearly all the corporate records. (Docket 29, Exh. A ¶ 11.) These numerous and diverse activities certainly constitute the actual direction, control, and coordination of the company.

Severstal Wheeling's visibility in Wheeling also supports a finding that its principal place of business is West Virginia. By virtue of its predecessor, Wheeling-Pitt, Severstal Wheeling has considerable visibility in and involvement with the Wheeling community.[1] (Docket 29-2, Winland Aff. at ¶¶ 12, 13 (describing the company's Wheeling credit union[2] and active participation in the West Virginia business community, as well as membership in the West Virginia Chamber of Commerce).) While not a singularly determinative factor, this conclusion does support the Court's finding that Wheeling is the principal place of business. *See Hertz*, 559 U.S. at _____ ("The public often (though not always) considers it the corporation's main place of business."). Moreover,

---

[1] The Court declines to look to the quantity of news coverage in any particular locale as a factor in its principal place of business analysis. Regardless of where the principal place of business is located, newspapers may cover a company's goings-on when it affects the local economy. Here, although Severstal Wheeling is headquartered in Wheeling, any decisions regarding layoffs, manufacturing operations, or expansions will have considerable impact anywhere the company maintains manufacturing facilities. Hence, news coverage is not a good indicator of a company's principal place of business.

[2] Plaintiffs dispute the significance of this credit union, arguing that its membership numbers are relatively small compared to a larger credit union, Valley One, located in Steubenville, Ohio. These arguments miss the point. First, equating importance of community involvement to size is misleading, particularly in light of the *Hertz* court's intention to eliminate a focus on "business activity" or "place of operations," since such tests prove complex and difficult to apply. *Hertz*, Slip Op. at 11-12. Second, as Plaintiffs' own documents show that the Valley One Credit Union is open to all members of the community and not merely those who work for Severstal Wheeling. (Docket 39, Exh. 26.) What is telling is the longevity of the Wheeling credit union, and that maintaining such an organization demonstrates commitment to and involvement in the Wheeling community.

Severstal Wheeling considers its principal place of business to be in Wheeling. For proof of this point, the Court need look no further than Plaintiffs' own materials to conclude that Severstal Wheeling (and Severstal North America) intended the principal place of business to remain in Wheeling. (*See, e.g.*, Docket 30, Exh. 6 ("The downtown Wheeling headquarters will continue to be the home of SeverStal Wheeling, though some operations will be centralized in Dearborn [Michigan], Nock [Severstal North America president] said."); Docket 30, Exh. 7 (indicating that Severstal Wheeling is "headquartered in Wheeling, W.Va.").)

Plaintiffs contend that, because Severstal Wheeling's corporate officers are located in Michigan, Michigan is the corporation's "nerve center." Plaintiffs properly point out that most of Severstal Wheeling's officers are located outside West Virginia. (Docket 39-1 at 6.) This does not, however, show that "actual center of direction, control, and coordination" is there. While in many instances these will overlap, such is not the case here. This is so for a variety of reasons. First, the Supreme Court has counseled that the "nerve center" test "ordinarily equates that 'center' with a corporation's headquarters." *Hertz*, Slip Op. at 16. That "significant corporate decision-making" is made in Michigan (Winland Aff. at ¶ 14) and the presence of some (but not all) corporate officers in Dearborn, Michigan does not overwhelm the other evidence pointing to Wheeling, such as the presence of a well-established headquarters out of which all daily operations are overseen. Second, placing the principal place of business of Severstal Wheeling in Michigan would ignore the reality that Severstal Wheeling is separate and distinct from its parent corporations, located in Michigan and Russia. Again, the Supreme Court's *Hertz* opinion provides guidance, by identifying the headquarters of a company and not "simply an office where the corporation holds its board meetings" as its likely nerve center. *Hertz*, Slip Op. at 14; *see also Topop . Compair Inc.*, 814 F.2d

830, 834-35 (1st Cir. 1987) (noting that normally a "nerve center" inquiry "must be limited to an examination of the subsidiary's own activities, officers and facilities"). Further, because the directors of the company are located in Michigan, Mississippi and Russia (Docket 39-1 at 13), there is no reason to conclude that the center of corporate decision-making is in Michigan.

Finally, the simplicity of the test enunciated by the Supreme Court compels the Court to the straight-forward answer. The thrust of *Hertz* was to move away from multi-factor tests and determine a principal place of business based on easily identified factors. Here, the facts presented by the parties show unequivocally that Wheeling, West Virginia is Severstal Wheeling's principal place of business.

Plaintiffs also argue that Severstal Wheeling has previously claimed to have its principal place of business elsewhere by representing to courts that its principal place of business was not in West Virginia, and thus cannot now contend its principal place of business is in West Virginia. While the Court counsels parties to be forthright in matters relating to a court's jurisdiction, a party's prior representations are simply not adequate to confer jurisdiction on their own.[3] "[N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, . . . principles of estoppel do not apply." *Ins. Co. Of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Even assuming that Severstal Wheeling had represented that its principal place

---

[3] The Supreme Court also spoke out against a party's ability to establish its principal place of business in a locale by simply filling out a form. "[W]e reject suggestions such as, for example, the one made by petitioner that the mere filing of a form like the Securities and Exchange Commission Form 10-K listing a corporation's 'principle executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center.'" *Hertz*, Slip op. at 18.

of business was elsewhere previously, this Court is compelled to determine its jurisdiction based on the facts before it.[4]

## IV. CONCLUSION AND ORDER

In conclusion, the Court finds that Severstal Wheeling's principal place of business is in Wheeling, West Virginia, and it is therefore a citizen of West Virginia. The Court further finds that, because CWVEC is a corporation is also a citizen of West Virginia, complete diversity is lacking, and this Court has no jurisdiction over this suit.

For the reasons stated above, Defendants' Motion to Dismiss [Docket 29] is **GRANTED**. This case is hereby **DISMISSED** without prejudice for lack of subject matter jurisdiction. A separate judgment order will be entered this day.

---

[4] The Court would note that, as pointed out by Defendants in their Reply, it is hardly self-evident that Defendants previously represented themselves as having a principal place of business outside of West Virginia. With respect to the *Eberhardt* filing (Docket 39, Exh. 2), Defendants properly point out that their strategy was not to deny residence in West Virginia, but rather to argue that jurisdiction should be based on the face of the pleadings rather than looking to external facts. (Importantly, the strategy was never ruled upon by the court, which instead remanded the case based on a violation of the rule of unanimity for multiple-defendant cases.) Next, the Voluntary Petition filed in the United States Bankruptcy Court for the Northern District of Ohio (Docket 39, Exh. 3) does not represent that Wheeling-Pitt's principal place of business is in Ohio. Instead, it states that its street address is in Wheeling, West Virginia and that its principal place of business is in Ohio County (where Wheeling is located).

The various filings made by Severstal Wheeling and Severstal U.S. to various Secretaries of State following Wheeling-Pitt's acquisition by Severstal U.S. are somewhat more concerning. Still, the Court concludes that these are not dispositive of the issue. Each of these, rather than merely stating an address, indicates that the principal place of business will be "c/o William [Bill] Wednieski, Severstal North America, Inc." It is eminently reasonable to conceive that Severstal Wheeling would have certain information transmitted to the corporate offices for Severstal North America, such as service of process in civil suits or receipts for payment of filing fees. Even so, Plaintiffs have not shown that this affected the day-to-day operations of Severstal Wheeling.

Further, Plaintiffs' Motion to Seal [Docket 14] is hereby **GRANTED**, Defendants' Motion to Substitute Counsel [Docket 19] is **GRANTED**, and Plaintiffs' Motion to Seal [Docket 39] is **GRANTED**. All other outstanding motions are hereby **DENIED** as moot.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 31, 2010

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE